## TRUSTEES OF SCHOOLS
*v.*
## ELIZABETH PETEFISH *et al.*

*Opinion filed October 13, 1899.*

TRUSTS—*when township school trustees do not take title to land devised to school.* A devise of lands to "the school" of a specified town, to be held in trust for the purpose of constituting a fund to defray the expense of teaching religion and morals, does not vest the title in the township trustees and their successors under the act of 1841, then in force, which did not provide that the title of all lands given for school purposes should be so held.

APPEAL from the Circuit Court of Cass county; the Hon. T. N. MEHAN, Judge, presiding.

The appellants, claiming to hold in trust the title to the lands described in the lease set out below, filed their bill in the Cass circuit court to construe the will of John Zuschke and to set aside said lease. John Zuschke died testate in Arenzville, then in Morgan and now in Cass county, in 1843. By the first clause of his will he directed that if his personal property was not sufficient to pay his debts, his executor should sell first his improved land. The second and third clauses were as follows:

"*Second*—After the payment of all my just debts and funeral expenses, I do hereby devise and bequeath the residue of my property to the school in Arenzville, for the purpose of constituting a fund forever, on which the rents or interest only shall be applied by the trustees or school directors of the public school in Arenzville to defray the expense of teaching religion and morals in the German and English languages.

"*Third*—If any or all my land shall remain unsold, not being necessary for the payment of debts, then it is my will that the same remain unsold, to constitute a principal of the school fund for a public school in Arenzville, the rents and revenues of which to be annually expended for the support of a common public school in Arenzville,

and in case any money remain in hand of my executor from the sale of my personal effects, the same to be laid out in further improvements on my farm."

His will was probated, and the directors of the public school of Arenzville assumed control of the two forty-acre tracts, and in 1853 made the following lease of them to Conrad Becker, the ancestor of appellees:

"*Know all men by these presents:* That the undersigned, school directors of Arenzville, for themselves and their successors, have this day sold on a lease of ninety-nine years, to begin on the first day of March, A. D. 1854, and to end on the first day of March, A. D. 1953, all the right, title and interest in them vested to the north-east quarter of the north-east quarter of section No. 5, in township No. 16, north of range No. 11, west; the south-east quarter of the south-west quarter of section 32, in township 17, north of range 11, west, known as the 'school farm,' donated by last will and testament by John Zuschke, deceased, for the support of schools in Arenzville, with all the improvements and privileges thereto belonging, to Conrad Becker, on conditions as follows: The above described real estate was on this day sold at public auction for the term of ninety-nine years to the highest responsible bidder, said Conrad Becker offering to pay each and every year the sum of $71 semi-annually in advance, and to execute a bond of the sum of $200 for the performance of the conditions of sale, namely: To make the semi-annual payments; to pay during the term of lease such taxes as may be assessed on said lands; to cultivate and husband the resources in improving and planting an orchard, line fences, and use the timber on said land for building purposes and fuel on said farm only, and at the end of ninety-nine years to deliver the premises, with all the improvements then being thereon, to the school directors or other authorized agents of the public school of Arenzville. A failure or neglect of complying with any of the foregoing conditions, the rights and privileges herein granted shall cease and the sole ownership revert to the school directors, for the use and benefit of said school or schools in Arenzville.

"In testimony whereof we have signed and sealed these presents the 26th day of November, A. D. 1853.

FRANCIS ARENZ,    (Seal.)

D. B. WILSON,    (Seal.)

F. PHILIPPI,    (Seal.)

*School Directors of Arenzville.*"

To the bill setting up the foregoing facts, the appellees, who are the heirs-at-law of the lessee, demurred. The court sustained the demurrer and dismissed the bill, and the complainants appealed.

POLLARD & PHILLIPS, and E. L. CHAPIN, for appellants.

MORRISON & WORTHINGTON, and MILLS & McCLURE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first, and perhaps the only, question to be solved in this case is, whether or not appellants have, under the will of Zuschke, any interest in the lands in controversy. If they have no interest, it is plain their bill was properly dismissed, even if the lease in question was made without authority. Their contention is, that as "trustees of schools of township No. 17, range No. 11," the title to the land in controversy is vested in them in their corporate capacity, in trust for the purposes mentioned in the will; that they are, by virtue of the statute, the legal successors of the trustees of school lands appointed by the county commissioners court under the act approved February 26, 1841, or of the trustees of schools of the township authorized to be elected under certain sections of that act, which act of 1841 was in force when Zuschke's will took effect, and that upon the death of Zuschke said land passed to such trustees so appointed or elected under said act of 1841.

Our attention is called to section 5 of said act, which declared such trustees to be "a body politic and corporate," etc., and to section 6, which provided: "The said trustees shall be vested with the following powers, viz.: * * * To receive, by deed or otherwise, and hold for the use of any school or schools in the township, any real estate, personal property or money which may be

conveyed or delivered to them for the uses aforesaid."
(Laws of 1841, p. 259.)

It is clear that under that act such trustees, if ap-
pointed, had the power to take these lands and hold the
title in trust for the public school in Arenzville if the
devise had been to them.  But the lands were not de-
vised to them, but were devised to "the school at Arenz-
ville," by which was meant, as shown by other language
employed, the public school in Arenzville.  There is noth-
ing in the will which discloses any intention on the part
of the testator to vest the title in the trustees of school
lands or to give them any control over the property what-
ever.  The statute did not then, and does not now, pro-
vide that the title to all property held for the common
or the public schools should or shall be vested in the
township trustees.  In *Heuser* v. *Harris*, 42 Ill. 425, where
a will gave to a school district one-half of the proceeds
of the sale of a farm, but to be under the control of some
person to be elected by the people of the district every
four years, and the other half to "the poor of Madison
county," it was contended that the will was void for un-
certainty, and that the law vested in the school directors
the custody and control of all school moneys of the dis-
trict and that no other persons were authorized to take
charge of such moneys, but it was held that the will was
valid, and that if no trustee were elected, a court of equity
had power to provide other means of carrying into effect
the charitable bequest of the donor.  True, it is not con-
tended in this case that the devise is void, but only that
the title vested in appellants' predecessors as trustees,
because, as it is said, they were the only persons or cor-
poration, within the provisions of the will, authorized
by law to take the title.  But, as we have seen, they do
not come within the designation of devisee mentioned in
the will, and it cannot be inferred from any provision of
the will or the language used that it was the intention
of the testator to vest the title to the land in the trustees

of school lands of the township.    While the devise is clearly a gift to a charitable use and would be enforced by a court of equity, (*Hunt* v. *Fowler*, 121 Ill. 269; *Andrews* v. *Andrews*, 110 id. 223; *Crerar* v. *Williams*, 145 id. 625; *Alden* v. *St. Peter's Parish*, 158 id. 631; *Heuser* v. *Harris, supra;*) it does not follow that in order to enforce it the legal title must be declared to have vested in the trustees of school lands, or their successors, the trustees of schools of the township authorized to be elected under section 61 of the act of 1841 then in force.    Section 47 of that act provided that whenever a school should be organized, the employers of the teacher should meet together at the school house and appoint three of their number as trustees of the school and invest them with power to conduct and manage the school, and section 91 provided that where school districts had been laid off the legal voters of each of such districts should elect three "school directors" for the term of two years.    Construing the will with reference to the law as it then was, it is perfectly clear *"the trustees or school directors of the public school in Arenzville,"* mentioned in the will, were the trustees and the school directors who, under the law, should, respectively, according to the status of the school, have the management of such school.    It will be observed that the statute did not provide that the title to all lands given for school purposes should be vested in the township trustees, and as the will did not so vest it in the case at bar, they took no title, and their successors, the appellants, have no title or interest whatever in the property.    This being so, we do not feel authorized, upon their bill, to pass upon the validity and binding force of the lease.

The decree of the learned chancellor dismissing the bill was correct and will be affirmed.

*Decree affirmed.*